[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
FACTS
The plaintiff, Patrick Atkinson, filed a two-count amended complaint dated February 13, 1996, against the defendant, Sylvia Conron, alleging negligence and recklessness based on a motor vehicle accident. The defendant filed a motion to strike the second count on April 29, 1996. The plaintiff filed an objection and memorandum in opposition on May 1, 1996.
DISCUSSION
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.' In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
The defendant argues that the second count charges common law and statutory recklessness, but the count merely realleges the negligence count and does not sufficiently state a cause of action in recklessness. The plaintiff responds that to allege a statutory action in recklessness, the complaint needs only to plead a violation of the trigger statutes, which it does. The plaintiff argues further that he has also sufficiently alleged an action in common law recklessness.
General Statutes § 14-295 provides that "the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237,14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." The Superior Courts disagree as to whether the complaint must allege facts beyond the trigger statutes. See Bavolacco v. Medalis,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324479 (Sept. 14, 1995, Ballen, J.). This court need not address this issue, however, as the plaintiff alleges additional facts that, when construing the complaint most favorably to the nonmovant, meet the pleading requirements to CT Page 5433-KK state an action in common law recklessness, and also statutory recklessness under either test.
Common law recklessness is "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention." Dubay v. Irish, 207 Conn. 518, 532-33,542 A.2d 711 (1988).
The plaintiff, in the second count, realleges the negligence count, and claims that the defendant deliberately or with reckless disregard violated § 14-218 (a) and (b), 14-219,14-222(a), 14-230 and others. The plaintiff supplements these claims with allegations that the defendant observed the plaintiff's motor vehicle prior to impact, but did not apply her brakes, deliberately or with reckless disregard drove head on into plaintiff's vehicle, and did not attempt any evasive action. The conduct alleged is more than mere thoughtlessness, inadvertence or inattention, but highly unreasonable conduct.
Accordingly, the motion to strike is denied.
MINTZ, J.